# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL JEFFREY MOCK, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:19-CV-518-HAB-SLC |
| JAMES ROBBINS, et al., | |
| Defendants. | |

## OPINION AND ORDER

Michael Jeffrey Mock, a prisoner proceeding without a lawyer, filed a complaint alleging that Officer James Robbins used excessive force against him on December 19, 2018, and that Officer Amanda Heckel and Officer Ethan Daggett failed to intervene in Officer Robbins' use of excessive force. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mock alleges that, on December 19, 2018, he was naked outside his home, although due to his disabilities, he asserts that he was unaware that he was outside naked. Officers Robbins, Heckel, and Daggett approached Mock, ordering him to get on the ground or get on his knees. However, before he could comply with either of these demands, Officer

Robbins punched him in the mouth, knocking out his tooth, and tackled him to the ground. Once on the ground, Officer Robbins elbowed Mock in the head and neck and punched him repeatedly on the head and face. Following the attack, he was ordered to get up, but he could not comply. Mock was charged with resisting arrest — charges that he alleges are unfounded and designed to cover up the officers' actions. This charge remains pending.

Mock sues Officer Robins seeking monetary damages for his use of excessive force, in violation of the Fourth Amendment of the United States Constitution. Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. *Id.* Although further factual development may show that Officer Robbins' use of force was reasonable under the circumstances, giving Mock the inferences to which he is entitled at this stage, he has alleged a plausible Fourth Amendment claim against Officer Robbins.

Next, Mock alleges that Officer Heckel and Officer Daggett failed to intervene in the use of excessive force. "Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Giving Mock the inferences to which he is entitled at this stage, he alleges a plausible claim that Officer Amanda Heckel and Officer Ethan Daggett knew that Officer Robbins was engaging in excessive force, had an opportunity to prevent them from using more force than was necessary under the circumstances, and nevertheless failed to intervene. Although further factual development may show that Officer Heckel and Officer Daggett acted reasonably under the circumstances, Mock has alleged enough to proceed on this claim.

Lastly, Mock alleges that he was falsely arrested. He claims that he was not resisting arrest, but he concedes that —although he was unaware of it at that time — he was outside his home while naked when approached by officers. The Fourth Amendment protects individuals from unreasonable seizures. However, "[i]t is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Morfin v. City of E. Chi.*, 349 F.3d 989, 997 (7th Cir. 2003). "Police officers have probable cause to arrest when the totality of the facts and circumstances within their knowledge at the time of the arrest would warrant a reasonable person in believing the person has committed a crime." *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015). "[Probable cause] requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Muhammad v. Pearson*, 2018 WL 3954158, at *7 (7th Cir. 2018). At the time of

Mock's arrest, the officers had probable cause to arrest him for public indecency. While he was later charged with resisting arrest — a charge that Mock alleges is unwarranted — the ultimate charges that a prosecutor decides to pursue do not render the decision to arrest him unconstitutional where there was nevertheless probable cause to believe that a crime was afoot.

For these reasons, the Court:

(1) GRANTS Michael Jeffrey Mock leave to proceed against James Robbins in his individual capacity for monetary damages for violating his Fourth Amendment rights by using excessive force on December 19, 2018;

(2) GRANTS Michael Jeffrey Mock leave to proceed against Amanda Heckel and Ethan Daggett in their individual capacities for monetary damages for failing to intervene in Officers Donlon and Calvert's use of excessive force on March 17, 2017;

(3) DISMISSES all other claims;

(4) DIRECTS the Clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) James Robbins at the Wells County Sheriff's Department with a copy of this Order and the Complaint [ECF No. 1], pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the Clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Amanda Heckel and Ethan Daggett at the Bluffton Police Department with a copy of this Order and the Complaint [ECF No. 1], pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), James Robbins, Amanda Heckel, and Ethan Daggett to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 22, 2020.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT